Edward T. McCaffrey, J.
Petitioner charges that the Judicial Conference, by virtue of the Constitution and Judiciary Law, had no authority to delegate to the Department of Labor of the City of New York the duty to determine appropriate collective bargaining units and to certify collective bargaining representatives for such bargaining units, and, if such authority exists, it was unlawfully, arbitrarily, and capriciously exercised by the Department of Labor. Accordingly, it moves for annulment of the certificate of representation and for injunctive relief. Yet in its petition it seeks a direction that the Administrative Board of the Judicial Conference submit the issue of appropriate collective bargaining unit for probation officers employed in the unified court system to impartial determination and, in the alternative, that the Commissioner of Labor of the Department of Labor of the City of New York be directed to certify the petitioner as the collective bargaining representative of probation officers employed in the Supreme Court in the City of New York. Probation officers in the Supreme, Family and City Criminal Courts were determined to constitute the appropriate bargaining unit, and an election was directed accordingly.
The unified court system was established by adoption of article VI of the Constitution. Section 28 thereof confers on the Administrative Board of the Judicial Conference “ The authority and responsibility for the administrative supervision of the unified court system for the state ”. Section 213 of the Judiciary Law grants the power to the Administrative Board to 1 ‘ Adopt, amend and rescind rules and orders necessary to implement its powers and duties hereunder including its administrative responsibility for the supervision of the unified court system and the standards and policies established under section two hundred twelve of this chapter.”
Petitioner alleges and contends that the City of New York, through its Budget Director, and the Administrative Board, through its State Administrator, jointly and without authority delegated to the New York City Department of Labor the matter of determining appropriate collective bargaining units for nonjudicial employees of the unified court system. Several associations sought certification as representatives for collective bargaining. Hearings were held on March 3 and March 14,1966. *609 On April 13, 1966, the Labor Department’s hearing officer recommended that all Supreme, Family and City Criminal Court Probation Officers should constitute an appropriate and single bargaining unit. On the following day, the department’s Commissioner adopted the recommendation, and certificate of •representation was issued June 16, 1966.
By subdivision d of section 29 of article VI of the Constitution, the City of New York is granted the power of “ final determination of the itemized estimates of the annual financial needs of the courts ”. Petitioner does not complain of the title structure and classification plan adopted by the Administrative Board, nor of joint action by the board and the city in bargaining procedures. Article VI of the Constitution, in granting broad supervisory power in the adoption of policy, does not prohibit joint action with city agencies in implementing such policy and in determining the practice and procedure to implement those policies. Those policies here involved were adopted after hearing, as required, and the implementation was accomplished by agreement with the city as joint employers to reach a conclusion as to bargaining units through the utilization of the capabilities and experience of the Labor Department, an agency equipped for that purpose and whose final determination in the matter constituted the adopted practice and procedure in implementing policy.
As indicated, several associations had made requests for certification, which resulted in the certification of June 16,1966. The hearings were held pursuant to notice duly given in the City Record on December 15,1965, which resulted in the requests for certification. This petitioner did intervene by making such request, but its request is dated June 15, 1966. Not only was that request belated, but petitioner’s apparent uncertainty as to its position leads it to request referral of the issue to an impartial umpire, or that the Commissioner of Labor be directed to issue a certificate of representation to it. Apart therefrom it cannot be said that, by participation with the city as joint employers along with the city’s Department of Labor in a proceeding to determine the collective bargaining unit, the Administrative Board has either abdicated or delegated a power, assuming a nondelegable power is involved. After determination of the-appropriate unit, bargaining is then done by the board’s staff with the city. In the light of the city’s power in the matter, as defined by article VI of the Constitution, the tripartite action in determining alone the appropriate unit is not an invalid exercise of power (Administrative Board, art. VII, § 3). Moreover, the adoption of article VI of the Constitution must be viewed in the *610 light of the existing city structure for the conduct of labor relations as expressed in Executive Order No. 49 of March 31,1958, and adopted by the Board of Estimate on August 23, 1962.
Finally, it is unnecessary to review here the abundant evidence and experience in support of the conclusion reached in the proceeding to determine the appropriate bargaining unit. The contentions raised by the petitioner may well be arguable, but that is not enough. There is a considerable body of evidence to support the conclusion reached, and it may not be disturbed.
The motion is denied.